9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steve SETTLE, Defendant-Appellant.
 No. 92-6652.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1993.
 
 Before MILBURN, RYAN, and BATCHELDER, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Steve Settle appeals his conviction and sentence that was entered following his guilty plea to embezzlement by a government employee, a violation of 18 U.S.C. Sec. 654. Settle's appeal raises the following issues: 1) whether the district court erred when it enhanced Settle's offense level for abuse of a position of trust, pursuant to U.S.S.G. Sec. 3B1.3; and 2) whether the district court erred when it enhanced Settle's offense level for more than minimal planning, pursuant to U.S.S.G. Sec. 2F1.1(b)(2).
 
 
 2
 Because we conclude that the district court did not err, we shall affirm the district court's sentencing order.
 
 I.
 
 3
 Steve Settle worked for the United States Department of Agriculture in Tennessee from 1980 to 1991, and was eventually promoted to the position of district conservationist. In this position, Settle had access to federal funds and was entrusted by a local county committee with certain state agricultural funds. When Settle resigned in 1991, his successor discovered discrepancies in the state funds to which Settle had access during his tenure. The Department of Agriculture's investigation revealed that Settle embezzled some of those funds. According to the Department, between September 1988 and February 1991, Settle created twenty-one fictitious files containing false applications for agricultural grants and used them to obtain more than $62,000 in Tennessee funds, which he deposited in his personal bank account.
 
 
 4
 Settle eventually pled guilty to violating 18 U.S.C. Sec. 654, embezzlement by a federal employee. The presentence report recommended enhancing Settle's offense level two points for abuse of a position of trust and two points for more than minimal planning. Settle objected to the enhancement for abuse of a position of trust. The court found that Settle's base offense level was four and added seven points because the offense involved more than $40,000. The district court overruled Settle's objection and enhanced his offense level two points for abuse of position of trust. The court also enhanced the offense level two points for more than minimal planning, but decreased the offense level by two for acceptance of responsibility. Thus, with an offense level of 13 and a criminal history category of I, the guideline imprisonment range was 12-18 months. The court sentenced Settle to 18 months imprisonment, two years supervised release, and a $50 special assessment. Settle filed this timely appeal.
 
 II.
 A. Abuse of a Position of Trust
 
 5
 At the plea proceeding and at the sentencing hearing, Mark Barnhart, an agent with the Department of Agriculture's Inspector General's office, testified that, as a district conservationist with the soil conservation service, Settle provided technical assistance to farmers who needed federal assistance in improving their land. Like many federal employees, Settle had access to certain federal funds and property. However, unlike other Department of Agriculture employees, Settle was entrusted with state funds by a state county committee that oversees the issuance of funds from the Tennessee Department of Agriculture. According to Barnhart, Settle was given certain responsibilities that were not given to other district conservationists or other Agriculture Department employees. Other employees would not have had the same access to state funds as did Settle and, therefore, could not have stolen the money that Settle stole from Tennessee. At the conclusion of the sentencing hearing, the district court concluded that Settle held a position of trust and that the two-point enhancement was appropriate.
 
 
 6
 Settle argues that the enhancement for abuse of a position of trust should not apply because he was not given sufficient responsibility by the Department to place him in a position of trust. Settle also argues that "[s]ince [he] had to 'abuse a position of trust' in order to commit the offense, abuse of trust is necessarily included in the base offense level and is not an appropriate adjustment under Sec. 3B1.3." The government responds that the enhancement was appropriate because Settle was a federal government employee and was stealing from a third party, the State of Tennessee, who had entrusted him with access to their funds only because of Settle's position with the United States government.
 
 
 7
 The district court's finding regarding application of U.S.S.G. Sec. 3B1.3 is a factual finding we review for clear error. United States v. Williams, 993 F.2d 1224, 1227 (6th Cir.1993) (citing 18 U.S.C. Sec. 3742(d)). We render de novo review of the district court's legal conclusions. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). The government bears the burden of establishing enhancement factors by a preponderance of evidence. United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991).
 
 The sentencing guidelines provide:
 
 8
 If the defendant abused a position of public or private trust, or used a special skill in a manner that significantly facilitated the commission or concealment of the offense, increase [the offense level] by 2 levels. This adjustment may not be employed if an abuse of trust or skill is included in the base offense level or specific offense characteristic.
 
 
 9
 U.S.S.G. Sec. 3B1.3. For the enhancement to apply, "[t]he position of trust must have contributed in some substantial way to facilitating the crime and not merely have provided an opportunity that could easily have been afforded to other persons. This adjustment, for example, would not apply to an embezzlement by an ordinary bank teller." U.S.S.G. Sec. 3B1.3, comment. n. 1. Thus, the guidelines require the government to show that the defendant's "position did not merely provide an opportunity that could easily have been afforded to other persons." Williams, 993 F.2d at 1228. Furthermore, the court's conclusion that the enhancement for abuse of a position of trust "must be supported by specific evidence in the record...." Id.
 
 
 10
 Settle argues that the court erred when it concluded that he occupied a position of trust. Although the district court did not refer to specific evidence in the record when it determined that the enhancement applies, Barnhart's testimony establishes how Settle's position "significantly" contributed to the facilitation of the crime. Barnhart testified that the trust extended to Settle by the State of Tennessee went beyond that ordinarily extended district conservationists or other Department of Agriculture employees. Other Department employees did not have access to state funds. Because Barnhart's testimony revealed that Settle's position of trust with the state significantly facilitated the commission of the offense, we believe that the district court did not err when it concluded that the enhancement applies.
 
 
 11
 Settle's second argument with respect to Sec. 3B1.3 raises a legal issue, which this court reviews de novo. Settle argues that Sec. 3B1.3 should not apply because the charge of embezzlement under 18 U.S.C. Sec. 654 necessarily involves abuse of a position of trust and, therefore, the abuse of trust is already considered in the base offense level.
 
 
 12
 The statute forbidding embezzlement by a federal employee provides:
 
 
 13
 Whoever, being an officer or employee of the United States or of any department or agency thereof, embezzles or wrongfully converts to his own use the money or property of another which comes into his possession or under his control in the execution of such office or employment, or under color or claim of authority as such officer or employee, shall be fined ... or imprisoned not more than ten years, or both....
 
 
 14
 18 U.S.C. Sec. 654. Thus, to sustain a conviction under section 654, the government must establish: 1) that the defendant is a federal employee or officer; 2) who embezzled money or property of another; and 3) that the money or property taken came under the defendant's control as a result of his employment with the government. As the government argues, the betrayal of the trust between Settle and the State of Tennessee is not an element of the offense of embezzlement. Furthermore, section 654 does not require proof that the government employee's position significantly contributed to the commission of the offense.
 
 
 15
 In United States v. McElroy, 910 F.2d 1016, 1027 (2d Cir.1990), the defendant raised a similar argument in a case involving embezzlement by a bank officer, a violation of 18 U.S.C. Sec. 656. Section 656 provides that "[w]hoever, being an officer, director, agent or employee of, or connected in any capacity with ... [an insured] bank ... willfully misapplies any of the moneys, funds or credits of such bank," is guilty of a felony. 18 U.S.C. Sec. 656. The Second Circuit rejected the defendant's argument that abuse of trust is an element of section 656 and already included in the sentencing guidelines base offense level. Instead, the court concluded:
 
 
 16
 First, Sec. 656 applies to any person who is "an officer, director, agent or employee of, or connected in any capacity with" a federally insured bank. Since not all of these positions are necessarily positions of trust, abuse of trust is not necessarily a part of the offense. Second, it is clear that in the present case, defendants used their positions as the chief officers of their respective banks to facilitate their misapplications of bank funds in ways that many lower-level officers, or employees, ... could not have done.
 
 
 17
 Id. at 1027-28; see also United States v. Georgiadis, 933 F.2d 1219, 1225 (3d Cir.1991). Similarly, in this case, section 654 applies to any "officer or employee of the United States" who embezzles money of another, while the enhancement for abuse of a position of trust does not apply to all federal employees who embezzle funds. It only applies to those whose position "contributed in some substantial way" to the commission of the offense, U.S.S.G. Sec. 3B1.3, comment. n. 1, and not to those whose position "merely provide[d] an opportunity that could easily have been afforded to other persons." Williams, 933 F.2d at 1228. In other words, while embezzlement always involves breach of the duty of trust, it does not always involve abuse of a position of trust as defined under the sentencing guidelines. Georgiadis, 933 F.2d at 1225.
 
 
 18
 We conclude that abuse of a position of trust under the sentencing guidelines is not an element of the embezzlement offense under 18 U.S.C. Sec. 654. The district court did not err when it enhanced Settle's offense level for abuse of a position of trust.
 
 B. More than Minimal Planning
 
 19
 Settle argues that the district court improperly enhanced his offense level for more than minimal planning because the court relied on the same facts that supported the enhancement for abuse of a position of trust. According to Settle, "Sec. 3B1.3 already takes into account the conduct penalized in Sec. 2F1.1(b)(2) because, by its very nature, abusing a position of trust necessitates more than minimal planning." The government responds that Settle does not point to any facts that were "double counted" and that the evidence supporting the conviction for embezzlement involved facts separate and distinct from the manner in which Settle accomplished his crime.
 
 
 20
 This court reviews for clear error the district court's findings supporting an enhancement for more than minimal planning under Sec. 2F1.1. United States v. Sloman, 909 F.2d 176, 181 (6th Cir.1990). Settle, however, failed to raise any objection to the enhancement for more than minimal planning before the district court; thus, we review this issue for "plain error." See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 21
 The guidelines provide that if an offense involving fraud or deceit involved "more than minimal planning," the sentencing court should increase the defendant's offense level by two levels. U.S.S.G. Sec. 2F1.1(b)(2)(A). The guidelines define "more than minimal planning" as meaning
 
 
 22
 more than is typical for commission of the offense in a simple form. "More than minimal planning" also exists if significant affirmative steps were taken to conceal the offense, other than conduct to which Sec. 3C1.1 (Obstructing or Impeding the Administration of Justice) applies.
 
 
 23
 "More than minimal planning" is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune. Consequently, this adjustment will apply especially frequently in property offenses.
 
 
 24
 ....
 
 
 25
 In an embezzlement, a single taking accomplished by a false book entry would constitute only minimal planning. On the other hand, creating purchase orders to, and invoices from, a dummy corporation for merchandise that was never delivered would constitute more than minimal planning, as would several instances of taking the money, each accompanied by false entries.
 
 
 26
 U.S.S.G. Sec. 1B1.1, comment. n. 1(f).
 
 
 27
 Defendant does not argue that the facts fail to support a finding of more than minimal planning. Rather, he claims that the court relied on the same conduct that supported the enhancement for abuse of a position of trust to support the enhancement for more than minimal planning. This court has held that:
 
 
 28
 [I]f certain conduct is used to enhance a defendant's sentence under one enhancement provision, the defendant should not be penalized for that same conduct again under a separate provision whether or not the guidelines expressly prohibit taking the same conduct into consideration under two separate provisions.
 
 
 29
 United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992). The Romano court held that enhancing a defendant's sentence for being a leader and organizer, pursuant to U.S.S.G. Sec. 3B1.1, and for more than minimal planning, pursuant to U.S.S.G. Sec. 2F1.1(b)(2), was impermissible "double counting" because being a leader of five or more participants necessarily includes criminal conduct involving more than minimal planning. Id.
 
 
 30
 However, as the government argues, a defendant who involves himself in conduct involving more than minimal planning does not necessarily abuse a position of trust. Similarly, a defendant who has abused a position of trust does not necessarily engage in conduct involving more than minimal planning. In this instance, to support the enhancement for abuse of a position of trust, the court relied on the evidence establishing that Tennessee entrusted Settle with state funds and that he violated this trust by embezzling from the fund. The evidence supporting a finding of more than minimal planning, in contrast, involved the manner in which Settle accomplished his crime. Settle's illegal conduct took place over a period of two and one-half years and involved creating twenty-one fictitious files, making numerous false statements and certifications, preparing false loan applications, and depositing several checks totaling over $62,000 into his own checking account. Because this conduct falls squarely within the sentencing guidelines definition of "more than minimal planning," we find that the district court did not commit any error, let alone "plain error," in enhancing Settle's offense level for more than minimal planning.
 
 III.
 
 31
 We AFFIRM the district court's judgment of conviction and sentence.